IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JIMMY BRIDGES,

                                         ORDER

                 Petitioner,

                                  08-cv-759-bbc

       v.

BURTON COX, Wisconsin Secure Program
Facility "W.S.P.F." Prison Physician and
MARY MILLER, W.S.P.F. Health Service Manager,

                 Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Jimmy Bridges, a prisoner at the Green Bay Correctional Institution in Green Bay, Wisconsin, has filed a proposed complaint for money damages and a request for leave to proceed in forma pauperis.  The request will be denied, because petitioner does not qualify for in forma pauperis status under 28 U.S.C. § 1915(g).

      Section 1915(g) reads as follows:

      In no event shall a prisoner bring a civil action or appeal a judgment in a civil
      action or proceeding under this section if the prisoner has, on 3 or more prior
      occasions, while incarcerated or detained in any facility, brought an action or
      appeal in a court of the United States that was dismissed on the grounds that
      it is frivolous, malicious, or fails to state a claim upon which relief may be
      granted, unless the prisoner is under imminent danger of serious physical
      injury.

1

On at least three prior occasions, this court has denied petitioner leave to proceed in forma pauperis in lawsuits that contained claims that were legally frivolous, malicious or failed to state a claim upon which relief may be granted.  See Bridges v. Litscher, 02-C-300-C, decided June 14, 2002; Bridges v. Porath, 95-C-736-S, decided October 19, 1995; and Bridges v. Fish, 95-C-173-S, decided March 20, 1995.

Moreover, petitioner's complaint does not allege facts from which an inference may be drawn that he is under imminent danger of serious physical injury.  In his complaint, petitioner contends that respondents' delay in scheduling approved requests for off-site medical treatment exacerbated the pain and swelling in his knee caused by a bone spur. Although petitioner prevailed on his offender complaint concerning these allegations and as a result obtained a second physical therapy session on March 19, 2007, petitioner alleges that the six-month delay in respondents' scheduling his second appointment constituted deliberate indifference to his medical needs.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a petitioner must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate.  Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002) and Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003)).  Petitioner's complaint does not contain allegations from which an

2

inference may be drawn that any respondent is presently violating his constitutional rights. The alleged unconstitutional acts occurred approximately two years ago.  Although it is unfortunate that petitioner suffered physical pain as a result of the delay in scheduling his off-site medical appointments, the residual effects of a past harm are not the sort of physical injury that warrants application of the exception to § 1915(g).  If petitioner wishes to pursue his claim, he will have to pay the $350 fee for filing his complaint.

Because petitioner is disqualified from proceeding in forma pauperis under § 1915(g), he may choose to pursue this case as a paying litigant.  If so, he must submit a check or money order made payable to the clerk of court in the amount of $350 and he must do so no later than January 27, 2009.  If he does this, however, petitioner should be aware that the court then will be required to screen his complaint under 28 U.S.C. § 1915A, and dismiss his case if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

If petitioner does not pay the $350 filing fee by January 27, 2009, I will consider that he does not want to pursue this action.  In that event, the clerk of court is directed to close this file.  However, even if the file is closed, petitioner will still owe the $350 filing fee and he must pay it as soon as he has the means to do so.  Newlin v. Helman, 123 F.3d 429, 436-437 (7th Cir. 1997).

3

ORDER

IT IS ORDERED that petitioner's request for leave to proceed in forma pauperis is DENIED because petitioner is ineligible for in forma pauperis status under 28 U.S.C. § 1915(g).

Further, IT IS ORDERED that petitioner may have until January 27, 2009, in which to submit a check or money order made payable to the clerk of court in the amount of $350. If, by January 27, 2009, petitioner fails to pay the fee, the clerk of court is directed to close this file.  However, even in that event, the clerk of court is to insure that petitioner's obligation to pay the $350 fee for filing this case is reflected in this court's financial records.

Entered this 6th day of January, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4